IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PALOMAR SPECIALTY INSURANCE**
**COMPANY**                                           **PLAINTIFF/COUNTER-DEFENDANT**

**VS.**                                                   **CIVIL ACTION NO. 2:22cv136-TBM-RPM**

**J.S. HELD LLC**                                     **DEFENDANT/COUNTER-PLAINTIFF**

**ANSWER AND DEFENSES OF DEFENDANT, J. S. HELD, LLC, AND COUNTERCLAIM FOR DECLARATORY RELIEF**

The defendant, J.S. Held, LLC, by and through counsel, files its Answer and Defenses to the Plaintiff's Complaint and its Counterclaim for Declaratory Relief pursuant to *F.R.C.P.* 57 in the above styled and numbered cause as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The plaintiff has failed to state a claim against upon which this Court may grant relief and, therefore, the defendant should be dismissed with prejudice pursuant to *F.R.C.P* 12(b)(6).

**SECOND DEFENSE**

Should any judgment be entered in this matter favorable to the plaintiff, the defendant claims credit for any payments by nonparty tortfeasors paid to the plaintiff for its claim(s).

**THIRD DEFENSE**

The plaintiff failed to mitigate its alleged damages or act reasonably to avoid such damages.

**FOURTH DEFENSE**

To the extent the facts so indicate, the plaintiff's damages were or may have been caused by the acts or omissions of other persons or entities for whom the defendant is not responsible nor liable.

**FIFTH DEFENSE**

The defendant affirmatively invokes all applicable provisions of the statutory law commonly referred to as the Mississippi Tort Reform Act, including, but not limited to, *Miss. Code Ann.* §§ 11-1-60, 11-1-65, 11-1-69, and 85-5-7.

**SIXTH DEFENSE**

The damages the plaintiff seeks to recover from the defendant were paid by the plaintiff to its insured voluntarily without compulsion, representing damages or obligations that the plaintiff did not owe.

**SEVENTH DEFENSE**

The defendant specifically reserves the right to amend its Answer to include any other appropriate affirmative defenses.

**EIGHTH DEFENSE**

To the extent shown by the facts, the defendant reserves the right to assert that the plaintiff's alleged damages resulted from independent, unforeseeable, superseding and/or efficient, intervening causes unrelated to the defendant and for which the defendants is not legally responsible.

**NINTH DEFENSE**

The plaintiff failed to exhaust its legal and administrative remedies as the result of which defendant cannot be held liable.

**TENTH DEFENSE**

The appraisal in question was invalid and/or unenforceable under the existing circumstances.

## ELEVENTH DEFENSE

The plaintiff's alleged damages and/or losses were proximately caused or contributed to by the acts or omissions of other persons for whom defendant cannot be liable. In addition, the plaintiff's negligent acts and/or omissions proximately caused or contributed to its alleged damages and/or losses and, as such, defendant asserts *Miss. Code Ann.* Section 85-5-7 (1972 and as amended).

## TWELFTH DEFENSE

The defendant asserts the defenses of accord and satisfaction.

## THIRTEENTH DEFENSE

The plaintiff lacks standing to sue for or seek recovery of any amount paid by a third party to plaintiff as the result of the appraisal award.

## RESERVATION OF DEFENSES

The defendant is without knowledge or information sufficient to form a belief as to whether other affirmative defenses apply in this matter. However, contingent on the facts revealed by discovery, the defendant expressly reserves its right to raise any additional affirmative defenses which may be applicable.

## PARTIES

1. Based on information and belief, the defendant admits the allegations in paragraph 1.

2. Other than admitting that its principal place of business is found in the State of New York, the defendant denies the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. The defendant denies the allegations in paragraph 3.

4. The defendant denies the allegations in paragraph 4.

5. The defendant denies the allegations in paragraph 5.

## FACTUAL BACKGROUND

6. Based on information and belief, the defendant admits the allegations in paragraph 6.

7. The defendant lacks sufficient information to respond to the allegations in paragraph 7 and, therefore, it denies those allegations.

8. Other than admitting that the plaintiff contracted with Sedgwick Claims Management Services, Inc. to adjust the claim in question, the defendant denies any remaining allegations in paragraph 8.

9. Other than admitting, based on information and belief, that a dispute arose between the plaintiff and the plaintiff's insured during the plaintiff's investigation and adjustment of the claim in question, the defendant denies the remaining allegations in paragraph 9.

10. Other than admitting, based on information and belief, that the insured invoked the provisions of the appraisal clause in its policy with the insured, the defendant denies any remaining allegations in paragraph 10.

11. The defendant admits the allegations in paragraph 11.

12. Other than admitting that Chad Zielinski was assigned to appraise the insured's claimed damages on behalf of the defendant, the defendant denies any remaining allegations in paragraph 12.

13. Based on information and belief, the defendant admits the allegations in paragraph 13.

14. Based on information and belief, the defendant admits the allegations in paragraph 14.

15. The defendant admits the allegations in paragraph 15.

16. The defendant admits the allegations in paragraph 16.

17. The defendant admits that after being assigned the claim in question, Chad Zielinski communicated with the insured's appraiser, but denies the remaining allegations in paragraph 15 as stated.

18. The defendant denies the allegations in paragraph 18.

19. Other than admitting that contents of the email referenced in this paragraph speak for themselves, the defendant denies the remaining allegations in paragraph 19.

20. Other than admitting that contents of the email referenced in this paragraph speak for themselves, the defendant denies the remaining allegations in paragraph 20.

21. Other than admitting that Jeremy Felder is identified as one of several key contacts in general information provided by the defendant, the defendant denies the allegations in paragraph 21.

22. Other than admitting that contents of the email referenced in this paragraph speak for themselves, the defendant denies the remaining allegations in paragraph 22.

23. Other than admitting that contents of the email referenced in this paragraph speak for themselves, the defendant denies the remaining allegations in paragraph 23.

24. The defendant denies the allegations in paragraph 24.

25. The defendant lacks sufficient information to respond to the allegations in paragraph 25 and, therefore, denies those allegations.

26. The defendant denies the allegations in paragraph 26 as stated.

27. The defendant admits the allegations in paragraph 27.

28. Other than admitting that contents of the email referenced in this paragraph speak for themselves, the defendant denies the remaining allegations in paragraph 28.

29. Other than admitting that Zielinski was the only individual at the "jsheld.com" domain to whom the referenced July 8, 2021 email was addressed, the defendant denies the remaining allegations as stated.

30. The defendant admits the allegations in paragraph 30.

31. The defendant denies the allegations in paragraph 31 as stated.

32. The defendant denies the allegations in paragraph 32 as stated.

33. Other than admitting that contents of the email referenced in this paragraph speak for themselves, the defendant denies the remaining allegations in paragraph 33.

34. Other than admitting that contents of the email referenced in this paragraph speak for themselves, the defendant denies the remaining allegations in paragraph 34.

35. Other than admitting that contents of the email referenced in this paragraph speak for themselves, the defendant denies the remaining allegations in paragraph 35.

36. The allegations contained in this paragraph speak to plaintiff's lack of knowledge and no answer is required. However, if any of said allegations are applied to or against defendant, the allegations are denied.

37. The defendant denies the allegations in paragraph 37 as stated.

38. The defendant denies the allegations in paragraph 38 as stated.

39. The defendant denies the allegations in paragraph 39.

40. The defendant denies the allegations in paragraph 40.

41. The defendant lacks sufficient information to respond to the allegations in paragraph 41 and, therefore, it denies those allegations.

42. The defendant lacks sufficient information to respond to the allegations in paragraph 42 and, therefore, it denies those allegations.

43. The defendant denies the allegations in paragraph 43.

44. The defendant denies the allegations in paragraph 44.

45. Other than admitting that plaintiff paid $752,358.27, the defendant denies the remaining allegations in paragraph 45.

46. The defendant lacks sufficient information to respond to the allegations in paragraph 46, and, therefore, it denies those allegations.

47. The defendant denies the allegations in paragraph 47.

### **COUNT I – NEGLIGENCE**

48. To the extent that the allegations in paragraph 48 seek to express legal conclusions, the defendant denies any conclusion that is contrary to Mississippi or any other applicable law. The defendant denies any remaining allegations in this paragraph.

49. Other than admitting that the general information provided to the public by the defendant on its appraisal operations speaks for itself, the defendant denies any remaining allegations in this paragraph.

50. The defendant denies the allegations in paragraph 50.

### **COUNT II – BREACH OF CONTRACT**

51. The defendant denies the allegations in paragraph 51.

52. The defendant denies the allegations in paragraph 52.

53. The defendant denies the allegations in paragraph 53.

54. The defendant denies the allegations in paragraph 54.

The defendant denies the allegations in the last unnumbered paragraph of the plaintiff's Complaint beginning with the word "WHEREFORE," and specifically denies that the plaintiff is

entitled to an award of damages, interest, costs, attorney's fees, or any other damages or relief in any form against it in this action.

## COUNTERCLAIM FOR A DECLARATORY JUDGMENT

1. The defendant/counter-plaintiff is a Limited Liability Company that was formed in the State of Delaware and that has its principal place of business in New York

2. The plaintiff/counter-defendant is a corporation incorporated in the State of California with its principal place of business in California.

3. This is an action for a declaratory judgment pursuant to *F.R.C.P.* 57 to declare the rights of the defendant/counter-plaintiff insofar as its legal responsibility to pay any part of the umpire's award at issue in this action because the plaintiff/counter-defendant's payment of this award to its insured represented a voluntary payment.

4. The plaintiff/counter-defendant paid the umpire's appraisal award to its insured freely without any compulsion to pay and before seeking its available remedies and defenses available to it under Mississippi law and under its contract with its insured.

5. As further evidence that the plaintiff/counter-defendant voluntarily paid the umpire's appraisal award voluntarily with knowledge that it had several defenses to paying the award, the defendant/counter-plaintiff attaches a complaint drafted by the plaintiff/counter-defendant setting for those defenses, which was never filed by the plaintiff/counter-defendant in any court.

6. The appraisal award was invalid or otherwise unenforceable under the terms of the insurance contract in question and under applicable law such that plaintiff failed to exhaust its legal and/or administrative remedies and made a voluntary payment.

WHEREFORE, PREMISES CONSIDERED, the defendant/counter-plaintiff requests that this Court enter a declaratory judgment that the plaintiff failed to exhaust its legal and/or

administrative remedies, and voluntarily paid the umpire's appraisal award to its insured without being compelled to do so, thereby preventing or precluding the plaintiff/counter-defendant from pursuing any legal action against the defendant/counter-plaintiff seeking to recover any portion of this award.  The defendant/counter-plaintiff further requests that this Court grant it any other relief as may be proper under Rule 57, along with an award of its costs for having to file this Counterclaim.

This the 17th day of October 2022.

>                                                  Respectfully submitted,
>
>                                                  **J.S. HELD LLC, DEFENDANT**
>
>                                          BY:    */s/ Edward J. Currie, Jr.*
>                                                  EDWARD J. CURRIE, JR. (MSB #5546)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. 0. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Fax: (601) 969-5120
ecurrie@curriejohnson.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing to the following:

> David A. Terry, Esquire
> Cozen O'Connor
> 1230 Peachtree Street, N.E.
> The Promenade, Suite 400
> Atlanta, GA 30309
> dterry@cozen.com

This the 17th day of October 2022.

>                                          BY:    */s/ Edward J. Currie, Jr.*
>                                                  EDWARD J. CURRIE, JR.